IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEVIN M. KEAY, | ) Civil No.: 3:15-cv-00100-JE |
|       Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AND ORDER |
| v. | ) |
| BLUESTONE & HOCKLEY, SUSAN HOWARD, CLIFF HOCKLEY | ) |
|       Defendants. | ) |

Kevin M. Keay
2517 SE 109th Ave., #7
Portland, OR 97266

    Plaintiff *pro se*

JELDERKS, Magistrate Judge:

    Pro se Plaintiff Keay brings this action against Defendants Susan Howard and Cliff Hockley asserting fraud, discrimination, harassment and retaliation claims. Plaintiff has applied to proceed *in forma pauperis*. Plaintiff's motion is granted. However, for the reasons set forth below, Plaintiff's Complaint should be dismissed, without service of process, for lack of

FINDINGS AND RECOMMENDATION AND ORDER – 1

jurisdiction and on the basis that it fails to state a claim upon which relief can be granted.  See FRCP 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

## Background

In his Complaint, Plaintiff sets out a number of allegations apparently connected with his lease of an apartment from Defendants.  Plaintiff alleges that Defendant Howard (1) committed fraud by entering into a lease knowing that the apartment being rented was not clean or in good repair, (2) actively harassed Plaintiff by entering into his apartment without legal notice, (3) failed to fix a number of defects in his apartment and then retaliated against Plaintiff when he reported the issues to the City of Portland's Housing Inspection department. Plaintiff also alleges that Defendant Howard, along with "management," tampered with his mail and "discriminated against [his] service dog."  Finally, Plaintiff alleges there was an "unlawful entry and theft of property" in response to his complaint to the City of Portland's Housing Inspector.

In his prayer for relief, Plaintiff seeks one million dollars for the illegal entry, one million dollars for the theft of property, one million dollars for "management's fraudulent cover up," one million dollars for the harassment of Plaintiff and his service dog, $3500 for moving costs and "ample time to move to new apartment."

## Discussion

Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction over a case unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Federal district courts may hear only those cases that are within the judicial power conferred by the United States Constitution or by statute.  Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir.1991), cert. denied, 503 U.S. 936 (1992).  Federal Rule of Civil Procedure 12(h) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties

or otherwise that the court lacks jurisdiction of the subject matter." See also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). A court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. See, e.g., Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974).

Jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331,1332.

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), a complaint filed *in forma pauperis* must be dismissed before service of process if it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

In order to state a viable claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act). In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction...." However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-624 (9th Cir. 1988).

Plaintiff has not indicated a basis for the court's jurisdiction in his Complaint. In addition, Plaintiff alleges that he and Defendants are all citizens of Oregon. Thus, diversity of citizenship is not present here. Plaintiff's Complaint also fails to allege sufficient facts to support a cause of action arising under the federal laws of the United States. Under these

circumstances, this court lacks subject-matter jurisdiction in this case. It is not clear whether the jurisdictional defects in Plaintiff's Complaint can be cured by amendment; therefore, dismissal should be without prejudice and with leave to file an amended complaint.

If Plaintiff does file an amended complaint based on federal question jurisdiction, he must specifically identify the federal statute, treaty or Constitutional provision that Plaintiff alleges was violated by Defendants. Plaintiff must also allege sufficient facts to satisfy the federal pleading standard set out by the federal rules of civil procedure and the Iqbal and Twombly cases.

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (# 2) is GRANTED. This action should be DISMISSED without service of process. A judgment should be entered dismissing the action without prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 17, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of January, 2015.

       /s/ John Jelderks
       John Jelderks
       U.S. Magistrate Judge